IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00249-PAB-03

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.    JAUQUIN MOSES VARELA,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on Defendant [Jauquin Moses] Varela's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 253]. The government has filed a response opposing the motion. Docket No. 261. Mr. Varela has filed a reply, Docket No. 268, and a supplemental motion for "immediate ruling" on the motion. Docket No. 271.

## I.   BACKGROUND

On February 26, 2015, Mr. Varela pled guilty to (1) conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, (2) possession with intent to distribute fifty grams or more of methamphetamine, and (3) possession and carrying of a firearm in furtherance of a drug trafficking crime. Docket No. 122; Docket No. 195 (judgment). On January 22, 2016, the Court sentenced Mr. Varela to, *inter alia*, 144 months imprisonment followed by five years of supervised release. Docket No. 194. Mr. Varela is currently incarcerated at FCI Milan in Milan, Michigan. *See* Federal

Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  His projected release date is September 5, 2024, approximately 49 months from now.  *Id*.

On June 23, 2020, Mr. Varela filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Docket No. 253.  Mr. Varela represents that he has asthma, which means that he is at higher risk of mortality from COVID-19.[1]  *Id*. at 3-4; *see also* Docket Nos. 256 and 257 (medical records).  Mr. Varela also represents that COVID-19 is spreading within FCI Milan.  Docket No. 253 at 5-8.  On these bases, Mr. Varela requests that the Court grant him compassionate release from the remainder of his prison sentence and modify his term of imprisonment to time served.  *Id*. at 13.

According to the BOP website, as of August 12, 2020, there is currently one inmate and one staff member at FCI Milan who are positive for COVID-19.  *See* Federal Bureau of Prisons*, COVID-19 Cases*, https://www.bop.gov/coronavirus/.  Ninety-three inmates and fifty-five staff members at FCI Milan have recovered from COVID-19.  *Id*.  Three inmates have died.  *Id*.

## II.  ANALYSIS

"Under § 3582(c)(1)(A)(i)," known as the "compassionate release provision," "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy

---

[1] COVID-19 is an infectious disease caused by a novel coronavirus.  See "Q&A on coronaviruses (COVID-19)," World Health Organization, Apr. 17, 2020, https://www.who.int/news-room/q-a-detail/q-a-coronaviruses.  COVID-19 became a pandemic in the early months of 2020 and continues to spread around the world and within the United States.

statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  That requirement is satisfied here.  Mr. Varela submitted a request to the warden at FCI Milan on April 20, 2020.  Docket No. 253-2. While the government has "no information" as to whether the warden issued a response, the  government concedes that more than thirty days elapsed from the date that Mr. Varela submitted his request to the warden.  Docket No. 261 at 5.  Accordingly, the Court has jurisdiction to consider the motion.

### A.  Extraordinary and Compelling Reasons

The Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction: (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n.1.  Mr. Varela's motion does not specify which category his motion falls into.  Although Mr. Varela's motion points to his asthma as a reason to grant compassionate release, he does not argue that asthma is a qualifying medical condition within the meaning of subsection A.  The Sentencing Commission has explained that a defendant's medical condition may be an extraordinary and compelling reason warranting a sentence reduction where:

> (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)  The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

See U.S.S.G. § 1B1.13, cmt. n.1(A).  Asthma is not a terminal illness, and Mr. Varela does not explain how it is a "serious physical . . . condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility ."  See id.; cf. United States v. Dison, 2020 WL 2564677, at * 3 (S.D. Ala. May 20, 2020) (defendant who fails to provide "evidence as to the seriousness of his chronic asthma and its effect on its ability to care for himself in prison" cannot satisfy subsection A).

Instead, the Court will construe the motion as arising under subsection D of the policy statement.[2]  Subsection D allows for release pursuant to extraordinary or compelling reasons, other than those set out in subsections (A)-(C), "[a]s determined by the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13, cmt. n.1(D).  "[T]he BOP has issued Program Statement 5050.50 (2019), which lists factors which the BOP uses in determining whether extraordinary and compelling reasons exist for compassionate release."  United States v. Turns, 2020 WL 2519710, at *3 (S.D. Ohio May 18, 2020).

---

[2] Mr. Varela does not argue that subsections B or C apply to him.

"BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether 'other' extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *Saldana*, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).

Mr. Varela does not specifically argue that these subsection D factors weigh in favor of compassionate release, but instead argues that his health issues, combined with the COVID-19 pandemic, constitute extraordinary and compelling reasons for his compassionate release. *See* Docket No. 253. However, because the list of factors set out in Program Statement 5050.50 is nonexclusive, the Court will consider whether Mr. Varela has met his burden "to prove that [his] medical conditions create extraordinary and compelling reasons warranting a sentence reduction." *United States v. Edington*, No. 19-cr-00174-REB-1, 2020 WL 2744140, at *4 (D. Colo. May 27, 2020).

"The existence of the COVID-19 pandemic no doubt can be described as 'extraordinary' insofar as it is '[b]eyond what is usual, customary, regular, or common.'" *Id.* at *3 (quoting *United States v. Rodriguez*, 2020 WL 1627331 at *7 (E.D. Pa. April 1, 2020)). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Bolze*, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) ("[T]he COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy

statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population.").[3]

Mr. Varela represents that he suffers from asthma. Docket No. 253 at 3-4. The Centers for Disease Control and Prevention ("CDC") has indicated that individuals with moderate to severe asthma "might be at an increased risk" of developing severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *People Who Are At Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last accessed August 6, 2020).

The government disputes the existence and severity of Mr. Varela's asthma. Docket No. 261 at 6-8. The presentence report contains no mention of asthma or any physical health concerns outside of a lingering knee injury. *See* Docket No. 175 at 20 ("[Mr. Varela] noted no other physical health concerns."). The prison medical records provided by Mr. Varela show that, in February 2018, he underwent a septorhinoplasty to correct "chronic nasal obstruction." *See* Docket No. 256 at 3-4. On April 21, 2020, Mr. Varela was seen by health services for increased shortness of breath. *Id*. at 17-18. The medical records from that visit reflect a diagnosis of "moderate asthma," and he was prescribed an albuterol inhaler. *Id*. The government contends that the records provided are insufficient to substantiate a diagnosis of moderate asthma. *See* Docket No. 261 at 7. In reply, Mr. Varela offers a series of declarations from himself and other

---

[3] Accordingly, the number of COVID-19 cases at FCI Milan cannot itself warrant release where the inmate otherwise fails to demonstrate his entitlement to compassionate release. The Court notes that the number of active cases at FCI Milan – one inmate and one staff – does not indicate that the virus is currently widespread within the facility.

members of his family, which he contends "show that his asthma has been a life-long, serious medical condition." See Docket No. 268 at 5; see also Docket Nos. 268-2, 268-3, 268-4, 268-5.

The Court is not persuaded that Mr. Varela has demonstrated that his moderate asthma is a compelling reason warranting compassionate release. The only medical records Mr. Varela provides that show an asthma diagnosis are dated one day after his request for compassionate release. See Docket No. 256 at 17-18. Accordingly, it does not appear to the Court that Mr. Varela's asthma is persistent enough that he regularly needs to see medical services at FCI Milan. While Mr. Varela was been provided with an inhaler, the inhaler is prescribed for use "as needed," indicating that daily or regular use of the inhaler is not necessary to control Mr. Varela's asthma. See United States v. Kyger, No. 19-cr-77-WJM, 2020 WL 4041459, at *3 (D. Colo. July 17, 2020) (noting that, as defendant "put forward no evidence that he has ever been prescribed inhaled steroids (of any dosage) to be taken on a daily basis," the court could not conclude that his asthma was "moderate-to-severe"). Given that Mr. Varela is 37 years old and has no other risk factors for serious illness from COVID-19, the Court finds that his asthma is not a compelling reason warranting a sentence reduction. See Edington, 2020 WL 2744140, at *4 (finding no compelling reason warranting a sentence reduction where "there is nothing in the record to suggest that [the] condition is not controlled on medication" and where defendant "is not in a high risk age category" and "has no other proven risk factors or comorbidities").[4]

---

[4] Mr. Varela suggests that, because he is Hispanic and male, he is at higher risk of serious illness or death from COVID-19. Docket No. 253 at 4-5. While the virus may

In addition, the Court finds that the compassionate release factors under subsection D – the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and whether release would minimize the severity of the offense – do not weigh in favor of release.  *Saldana*, 807 F. App'x at 818.  Mr. Varela indicates that his release plan is to live with his daughter in Denver, Colorado, and that he has a pending job offer from a flooring company.  Docket No. 253 at 10.  Mr. Varela also indicates that he has maintained "clear conduct" while incarcerated since 2014.  *Id*.; *see also* Docket No. 253-3 (individualized reentry plan dated Dec. 23, 2019).  However, Mr. Varela has a lengthy criminal history, having been convicted as an adult of, *inter alia*, criminal mischief, trespassing, felony motor vehicle theft, escape from custody, criminal impersonation, and vehicular eluding.  Docket No. 175 at 10-17.  At sentencing, the Court found that Mr. Varela's criminal history category was VI, the highest criminal history category.  Docket No. 196 at 1.  Mr. Varela's current sentence is 144 months, and although he is scheduled for an early release in 2024 due to good behavior, he has served just over half of the 144 month sentence imposed by the Court.  The Court finds that releasing Mr. Varela now would minimize the seriousness of his offenses.

---

have a disparate impact on these populations in society at large, the Court is not persuaded that either of these characteristics qualifies as a risk factor or comorbidity. *See* Centers for Disease Control and Prevention, *People Who Are At Higher Risk for Severe Illness* (no mention of males or Hispanics as people who are at increased risk of severe illness).

The Court has determined that Mr. Varela has failed to establish that compelling and extraordinary circumstances exist justifying compassionate release. Accordingly, the motion will be denied.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that  Defendant [Jauquin Moses] Varela's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 253] is **DENIED**.  It is further

**ORDERED** that Defendant [Jauquin Moses] Varela's Motion for Immediate Ruling [Docket No. 271] is **DENIED AS MOOT**.

DATED August 12, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge