IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02055-PAB
(Criminal Action No. 14-cr-00249-PAB-3)

UNITED STATES OF AMERICA,

v.

3. JAUQUIN MOSES VARELA,

    Defendant/Movant.

_____

# ORDER
_____

This matter is before the Court on movant's Motion for Reconsideration Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Docket No. 224].

On February 26, 2015, Mr. Varela pled guilty to (1) conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, (2) possession with intent to distribute fifty grams or more of methamphetamine, and (3) possession and carrying of a firearm in furtherance of a drug trafficking crime. Docket No. 122; Docket No. 195 (judgment). His plea agreement included a collateral attack waiver, which states, in relevant part:

> [T]his defendant knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the defendant was denied the effective assistance of counsel; or (3) there is a claim of prosecutorial misconduct. Finally, if the Government appeals the sentence imposed by the Court, the defendant is released from these waiver provisions.

Docket No. 127 at 3. On January 22, 2016, the Court sentenced Mr. Varela to, *inter alia*, 144 months imprisonment followed by five years of supervised release. Docket No. 194.

On August 25, 2017, Mr. Varela filed a motion pursuant to 28 U.S.C. § 2255. Docket No. 219. The Court ordered a response from Mr. Varela, addressing (among other things) "why the waiver in the [p]lea [a]greement should not be enforced." Docket No. 220. Mr. Varela filed a response. Docket No. 221. The Court denied the motion on October 31, 2017. Docket No. 222. The Court concluded that (1) Mr. Varela's claims fell within the collateral-attack waiver in his plea agreement, (2) enforcement of the waiver would not result in a miscarriage of justice, (3) Mr. Varela's claims were untimely, and (4) Mr. Varela's claims failed on the merits. *Id*.

Mr. Varela now moves for the Court to reconsider these rulings. Docket No. 224. He proceeds under Fed. R. Civ. P. 60(b), which allows a court to grant relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process. *See Davis v. Kansas Dep't of Corrs.*, 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.").

The Court will deny Mr. Varela's motion. Mr. Varela's principal claim is that the Court erred in enforcing the collateral-attack waiver in his plea agreement without the government raising the waiver as a defense. Docket No. 224 at 9-10 (citing *Burgess v. United States*, 874 F.3d 1292 (11th Cir. 2017)). Generally speaking, "the government can forfeit waivers by failing to enforce them." *United States v. Lopez-Aguilar*, 912 F.3d 1327, 1329 (10th Cir. 2019) (citing *United States v. Calderon*, 428 F.3d 928, 930-31 (10th Cir. 2005)). However, here "the government never had an opportunity to assert the waiver when the case was in district court" because the Court ordered a supplemental response from Mr. Varela and subsequently summarily dismissed the motion. *Id*.; *see* Rule 5(a), Rules Governing Section 2255 Proceedings in the U.S. District Courts ("The respondent is not required to answer the motion unless a judge so orders."). Given that "waivers benefit the government by saving the costs of prosecuting appeals," and efficient dismissals of appeals allow the government to "receive the benefit of its bargain," *see United States v. Hahn*, 359 F.3d 1315, 1325

3

(10th Cir. 2004) (en banc), the Court is not persuaded that it was error to enforce the collateral-attack waiver without input from the government.[1]

Mr. Varela also argues, as he did in his petition, that enforcing the collateral-attack waiver would be a miscarriage of justice in light of the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017). Docket No. 224 at 13-16. However, he does not explain why the Court's conclusion that "the fact that an alleged sentencing error arises out of a change in the law subsequent to the defendant's plea does not demonstrate that enforcing a collateral challenge waiver in a plea agreement will result in a miscarriage of justice" was erroneous. Docket No. 222 at 5 (citing *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005)). Accordingly, Mr. Varela has failed to show that the Court erred in enforcing the plea waiver.

Finally, Mr. Varela contends that the Court mistakenly concluded that his petition was time-barred. Docket No. 224 at 11-12. Section 2255 contains a one-year limitations period, which runs from, as relevant here, the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1) and (3). There is no question that Mr. Varela's petition was not filed within one year of the date the judgment became final. Docket No. 222 at 7. Mr. Varela, though, argues (as he did in his petition) that the limitations period began on the

---

[1] The Court acknowledged in its order that the Tenth Circuit has not directly considered whether a district court may *sua sponte* enforce a plea agreement. *See* Docket No. 222 at 6 n.1.

date that *Dean* was decided – April 3, 2017.  However, *Dean* is not retroactively applicable to cases on collateral review.  *See Garcia v. United States*, 923 F.3d 1242, 1245-46 (9th Cir. 2019).  Even if it were, Mr. Varela does not explain why the Court erred in concluding that the allegations in his petition "do not implicate *Dean*."  *See* Docket No. 222 at 7-8.

Mr. Varela's motion fails to demonstrate that he is entitled to relief under Fed. R. Civ. P. 60(b)(6).  Accordingly, the Court will deny his motion.[2]  It is

**ORDERED** that movant's Motion for Reconsideration Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Docket No. 224] is **DENIED**.  It is further

**ORDERED** that movant's Letter [Docket No. 244] requesting appointment of counsel is **DENIED AS MOOT**.  It is further

**ORDERED** that movant's Second Request for Status on Motion for Reconsideration Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Docket No. 247] and Letter [Docket No. 249] are **DENIED AS MOOT**.

DATED August 12, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Mr. Varela has filed two motions requesting the status of the disposition of this motion.  Docket Nos. 247 and 249.  Those motions will be denied as moot.